UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMY HUDDLESTON,

    Plaintiff,

v.                                                             Case No: 8:21-cv-2298-TPB-JSS

MATTHEW NICKERSON AND
MICHAEL SPERDUTI,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Complaint (Dkt. 1) and Affidavit of Indigency (Dkt. 2), which the Court construes as a motion for leave to proceed *in forma pauperis* ("Motion"). Upon consideration, it is recommended that the Motion be denied and that Plaintiff's Complaint be dismissed without prejudice.

## APPLICABLE STANDARDS

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, courts hold

pro se pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Notwithstanding this less stringent standard, liberal construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (stating that while courts should show leniency to pro se litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action"). The Eleventh Circuit requires pro se litigants to "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

### A. PLAINTIFF'S INDIGENCE

A court's decision to grant *in forma pauperis* status is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam). When considering a motion filed under Section 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). A litigant's affidavit of indigence "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* As such, a court may not deny an *in forma pauperis* motion "without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial*

*Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08); *see Miller v. U.S. Postal Serv.*, No. 8:13-civ-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Plaintiff's Affidavit of Indigency is not sufficient to establish his financial eligibility to proceed *in forma pauperis*. Plaintiff states that he is unemployed and disabled. He explains that his debts include monthly obligations for child support, rent, utilities, credit cards, food and his car totaling $4,230. However, Plaintiff has $3,000 in his bank account, he receives disability benefits monthly, and owns more than 20,000 shares of stock. In light of the foregoing, Plaintiff appears to have sufficient assets to pay the required filing fee and also provide necessities for himself and his dependent.

### B. PLAINTIFF'S COMPLAINT

Plaintiff's Complaint, liberally construed, appears to claim ownership and inventorship of a patented invention. (Dkt. 1.) A plaintiff can pursue an inventorship claim in federal court "only if the requirements for constitutional standing – namely injury, causation, and redressability – are satisfied." *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1326 (Fed. Cir. 2001). Here, however, Plaintiff fails to assert allegations in the Complaint sufficient to establish his constitutional standing. Plaintiff's Complaint fails to describe the invention, lacks detailed allegations concerning his role in creating

the invention, and fails to provide allegations concerning his interest in the patent. As such, Plaintiff's Complaint is deficient.

Further, Plaintiff's Complaint fails to comply with the procedural requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiff's Complaint fails to include factual content or context from which the Court may reasonably infer that Defendants violated Plaintiff's rights of patent inventorship or ownership and fails to specify which facts apply to each particular Defendant. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (stating that "a complaint's factual allegations must be enough to raise a right to relief above the speculative level") (internal punctuation and citation omitted); *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that a shotgun pleading in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" does not comply with the federal rules). Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED**.

2. Plaintiff be directed to pay the filing fee to the Clerk on or before February 28, 2022.

3. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice, with leave to file an amended complaint. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotation and citation omitted). It is recommended that the amended complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on January 19, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Unrepresented Parties